IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

               Plaintiff,                       ORDER

          v.                              03-CR-126-C-01

CHRISTOPHER L. TEMPLE,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Christopher L. Temple's supervised release was held on February 11, 2011, before U.S. District Judge Barbara B. Crabb.  The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person, representing himself.  Also present was Senior U.S. Probation Officer Kelley M. Gustaveson.

From the record I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on July 21, 2004, following his conviction for mail fraud, in violation of 18 U.S.C. § 1341 and laundering of monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  These offenses are

Class C felonies.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 72  months, with a 36-month term of supervised release to follow, and ordered to pay restitution in the amount of $1,019,579.09.

Defendant began his term of supervised release on November 25, 2009.

In September and November 2010, defendant violated Standard Condition No. 2 requiring him to submit a truthful and complete written report within the first five days of each month when he failed to provide proof of earnings for the months of August and October 2010.  On December 10, 2010, defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed by the court or the probation officer, when he failed to report to the U.S. Probation Office as directed.

Defendant violated Special Condition No. 5, requiring him to provide notification of his conviction in connection with any articles he writes, in any publications he owns, provides editing services for or contributes to in any manner and with any public broadcasts in which he participates, when he wrote and published the following articles without the required notification: a March 16, 2010 article entitled "Some Counter-Intuitive Views from Chris Temple," published in the  Oil and Gas Investments Bulletin; a July 26, 2010 article entitled "The War Against Inflation," on Chris Temple's Instablog; and, an August 3, 2010 article entitled "The Wepner Rally," on Chris Temple's Instablog.

Defendant's conduct falls into the category of a Grade C violation. Section

2

7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation.  Accordingly, the 36-month term of supervised release imposed on defendant on July 21, 2004, will be revoked.

Defendant's criminal history category is I.  With Grade C violations and a criminal history category of I, defendant has an advisory guideline term of imprisonment of 3 to 9 months.  The statutory maximum to which defendant can be sentenced upon revocation is not more than two years, pursuant to 18 U.S.C. § 3583(e), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years on each count if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range.  The purpose of this sentence is to hold defendant accountable for his violations, to protect the community and to provide a specific deterrent.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on July 21, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 9 months. A two-year term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special conditions:

**Special Condition No. 6**: Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider.

**Special Condition No. 7**: Undergo at least one financial evaluation each year; if approved by the supervising U.S. probation officer, the evaluation may include polygraph testing.

**Special Condition No. 8**: File all tax returns in a timely manner and provide copies of all federal and state income tax returns to the supervising U.S. probation officer. Defendant is to apply 100 percent of his yearly federal and state tax refunds toward payment of restitution.

**Special Condition No. 9**: Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

**Special Condition No. 10**: If self-employed, the following conditions shall

4

apply:

a.  Defendant shall seek advance written approval from the supervising U.S. probation officer for any self-employment including, but not limited to writing, editing, consulting, public speaking or starting a new business.

b.  Defendant shall deposit all income from all sources, whether business or personal, and whether cash, check, money order or any other form of legal tender into one checking account.

c.  Defendant shall pay all personal and business expenses greater than $10 by writing a check conventionally or by making payment via debit card. Regarding checks defendant writes conventionally, he shall use a checkbook with checks that have carbon copy duplicates behind the original checks so that he can provide the supervising U.S. probation officer with the duplicate copies of the checks.  In the alternative defendant shall make a copy of each check and provide it to the supervising U.S. probation officer.

d.  In his business, defendant shall not accept any cash payments without the approval of the supervising U.S. probation officer. Defendant shall receive all income in the form of a check or money order that is deposited into his checking account.

e.  For each consulting job, defendant shall prepare a separate file for each of his clients in a folder or manilla envelope; each file shall contain a written contract signed and dated by the client with a complete description of work to be completed, total contract price and name, address and telephone number of the contracting client, period in which work is to be performed, copies of the checks or money orders issued by the client in payment for the work, copies of the receipts for expenses for each customer's job, copies of all checks or bank statements evidencing payment by the client of corresponding customer expenses and a record of the dates and times worked at each client's job.

5

f. No later than the 5th of each month, defendant shall provide all specified documentation for the preceding month to the supervising U.S. probation officer.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant presents neither a flight risk nor a danger to the community. Therefore, execution of the sentence of imprisonment only is stayed until March 8, 2011, when he is to report to an institution  between the hours of 10 a.m. and 2 p.m.  to be designated by the Bureau of Prisons.  If defendant is unable to report to the designated institution, he is to voluntarily surrender to the U.S. Marshals Office, 120 North Henry, Madison, Wisconsin, on the previously stated date and time.  Defendant's release on bail and conditions of pretrial services supervision are continued until March 8, 2011.

Entered this 14th day of February, 2011.

BY THE COURT:

/s/

Barbara B. Crabb

District Judge

6